

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-23-00184-CV**

**IN THE INTEREST OF A.P., A CHILD**

_____

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 22-001286-CV-361**

_____

**MEMORANDUM  OPINION**

_____

After Appellant's parental rights to her child, A.P., were terminated following a bench trial,[1] Appellant's appointed trial counsel filed a notice of appeal.[2]  Appellant's appointed appellate counsel has now filed a motion to withdraw and an *Anders* brief asserting that he diligently reviewed the record and that, in his opinion, the appeal is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to termination appeal).

---

[1] The trial court found by clear and convincing evidence that Appellant had violated Family Code subsections 161.001(b)(1)(D), (E), and (N) and that termination was in the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b).

[2] The parental rights of A.P.'s father were also terminated, but he has not appealed.

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal and (2) served Appellant with a copy of the brief and instructions on how to obtain the appellate record. By letter, we informed Appellant of her right to review the record and to file a *pro se* response to the *Anders* brief, but she has not done so. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408–09.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably

support an appeal.[3] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. We therefore affirm the trial court's order of termination.

Counsel has filed a motion to withdraw as was historically required to comply with the procedures set forth in *Anders* and its Texas progeny. However, the Texas Supreme Court has stated that the lack of an arguable issue and the subsequent filing of a motion to withdraw and an *Anders* brief in support may not be considered "good cause" for purposes of granting the *Anders* motion to withdraw pursuant to the Family Code. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for

---

[3] Appellant's counsel reviewed the sufficiency of the evidence supporting the trial court's findings under Family Code subsections 161.001(b)(1)(D) and (E) and determined that it would be frivolous to attack the findings. We conclude that the evidence is sufficient to establish that Appellant violated subsection 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). The evidence here showed that A.P. was three years old at the time of trial in May 2023. On or about June 10, 2022, when the Department officially removed A.P. from Appellant's care, A.P. had been living with Appellant's childhood friend for at least four months. Appellant had had little contact with her friend during that time. Appellant then showed up at the friend's home and wanted to take A.P. with her. The police were called, and Appellant was ultimately not allowed to leave with A.P. because she did not have a car seat for her. Later that day, Appellant was pulled over for having an unsafe vehicle, and THC was discovered in the car. The evidence further showed that after A.P. had been officially removed from Appellant's care, Appellant threatened A.P.'s caregiver such that the Department became concerned that Appellant "would shoot up the placement with the child in the home." The Department therefore had to relocate A.P. and A.P.'s caregiver to an undisclosed location. The Department also discovered videos on Appellant's social media of Appellant attempting to engage in prostitution. Finally, the evidence showed that at the time of trial, Appellant was in the Brazos County Jail and had been detained there since October 2022. Appellant had been charged with committing theft of property valued at $100 or more but less than $750 on or about May 24, 2022. Appellant had been charged with committing possession of a controlled substance, namely THC, in an amount of less than one gram on or about June 4, 2022. Appellant had also been charged with committing criminal trespass on or about October 4, 2022.

withdrawal, may be premature."). Counsel does not set forth any "good cause" outside the filing of the *Anders* brief in his motion to withdraw. We will therefore deny the motion to withdraw. Consequently, if Appellant desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*; *see also* TEX. FAM. CODE ANN. § 107.016.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed December 7, 2023
[CV06]

